UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH OZUA,<br><br>                              Petitioner,<br><br>v.<br><br>JOHN SUTTON,<br><br>                              Respondent. | Case No.: 16cv2491-CAB-NLS<br><br>**ORDER: (1) ADOPTING REPORT AND RECOMMENDATION [Doc. No. 13]; (2) GRANTING MOTION FOR LEAVE TO ASSERT PROCEDURAL DEFAULTS [Doc. No. 11]; (3) REJECTING PETITIONER'S OBJECTIONS; (4) DENYING PETITION; AND (5) DENYING CERTIFICATE OF APPEALABILITY** |

Kenneth Ozua ("Petitioner"), is a state prisoner proceeding *pro se* with a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] On March 28, 2017, Magistrate Judge Nita Stormes issued a Report and Recommendation ("Report") to grant the motion for leave to assert procedural defaults and to deny the Petition. [Doc. No. 13.] On April 25, 2017, Petitioner filed a Traverse. [Doc. No. 16.] On May 1, 2017, Petitioner filed an objection to the Report. [Doc. No. 18.]

Following *de novo* review of Petitioner's claims, the Court finds the Report to be thorough, complete, and an accurate analysis of the legal issues presented in the petition.

For the reasons explained below, the Court: (1) adopts the Report in full; (2) grants the motion for leave to assert procedural defaults in the Answer; (3) rejects Petitioner's objections; (4) denies the Petition for Writ of Habeas Corpus; and (5) denies a certificate of appealability.

BACKGROUND

I. Factual Background

The Report contains an accurate description of the crime [Doc. No. 13 at 5-6], and is hereby incorporated by reference.

II. State Procedural Background

The Report contains a complete and accurate summary of the state court proceedings, and the Court fully adopts the Report's statement of state procedural background.

III. Federal Procedural Background

On October 3, 2016, Petitioner filed a Petition for Writ of Habeas Corpus challenging his San Diego Superior Court conviction. [Doc. No. 1.] On February 7, 2017, Respondent filed an Answer to the Petition, and lodged portions of the state court record. [Doc. Nos. 10 and 12.] Respondents also filed a motion for leave to assert procedural defaults in Answer to Petition for Writ of Habeas Corpus. [Doc. No. 11.]

On March 28, 2017, Magistrate Judge Stormes issued a Report recommending that the motion for leave to assert procedural defaults in the Answer be granted, and that the petition be denied. [Doc. No. 13.] On April 25, 2017, Petitioner filed a Traverse. [Doc. No. 16.] On May 1, 2017, Petitioner filed Objections to the Report. [Doc. No. 18.] In his objections, Petitioner requests that the Court consider his Traverse, which was filed after the Report. Assuming Petitioner has objected to the Report in its entirety, the Court reviews the Report *de novo*. 28 U.S.C. § 636(b)(1)(C); *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004).

/ / / / /

/ / / / /

I.    Legal Standard

The Report sets forth the correct standard of review for a petition for writ of habeas corpus. Under 28 U.S.C. § 2254(d):

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 403, 412-13 (2000).

Under § 2254(d)(1), a state court's decision is "contrary to" clearly established federal law if the state court (1) "arrives at a conclusion opposite to that reached by this Court on a question of law" or (2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Williams*, 529 U.S. at 405. A state court's decision is an "unreasonable application" if the application was "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

Under § 2254(d)(2), habeas relief is not available due to a state court's "unreasonable determination of the facts" unless the underlying factual determinations were objectively unreasonable. *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *see also Rice v. Collins*, 546 U.S. 333, 341-42 (2006) (the fact that "[r]easonable minds reviewing the record might disagree" does not render a decision objectively unreasonable).

II. Analysis.

A. Procedural Default.

Most of Petitioner's Traverse is dedicated to whether or not his petition is procedurally barred.  [Doc. No. 18 at 13-18.]  However, this Court agrees with Magistrate

Judge Stormes that it is in the "interests of judicial economy" to address the merits of Petitioner's claim without determining whether it is procedurally defaulted. [Doc. No. 13 at 13.] Therefore, Petitioner's objections with regard to procedural default are denied as moot.[1]

B. Merits.

Petitioner argues that there was a failure to plead and prove the gang involvement element of the firearm use enhancement. [Doc. No. 1 at 6-8.] Petitioner argues that he unknowingly pled guilty to California Penal Code §12022.53(e)(1), which provides:

> "The enhancements provided in this section shall apply to any person who is a principal in the commission of an offense if both of the following are pled and proved:
> (A) The person violated subdivision (b) of Section 186.22.
> (B) Any principal in the offense committed any act specified in subdivision (b), (c), or (d)."

Cal. Penal Code § 12022.53(e)(1) (West 2012); see also Cal. Penal Code § 186.22(b) (providing for additional terms of punishment for persons convicted of a felony which was committed for the benefit of, at the direction of, or in association with any criminal street gang).

However, Petitioner was convicted, by plea, of violating Section 12022.53(d), which provides:

> Notwithstanding any other provision of law, any person who, in the commission of a felony specified in subdivision (a), Section 246 or subdivision (c) or (d) of Section 26100, personally and intentionally discharges a firearm and proximately causes great bodily injury, as defined in Section 12022.7, or death, to any person other than an accomplice, shall be punished by an additional and consecutive term of imprisonment in the state prison for 25 years to life.

---

[1] Magistrate Judge Stormes recommends rejecting Respondent's contention that Petitioner's claim is barred by *Tollett v. Henderson*, 411 U.S. 258 (1973). For the reasons set forth by Magistrate Judge Storms [Doc. No. 13 at 15-16], this Court agrees with the Report and rejects Respondent's contention that Petitioner's claim is barred by *Tollett*.

4

Unlike Section 12022.53(e), subdivision (d) does not require a violation of 186.22(b). Therefore, Petitioner was not required to admit his involvement in any gang-related activity for Section 12022.53(d) to apply. As a result, the state appellate court's adjudication of Petitioner's claim is neither contrary to, nor involves an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d); *Williams*, 529 U.S. at 412-13; *Miller-El*, 537 U.S. at 340. Accordingly, the Court adopts the Report and denies the petition.

## CERTIFICATE OF APPEALABILITY

A petitioner complaining of detention arising from state court proceedings must obtain a certificate of appealability to file an appeal of the final order in a federal habeas proceeding. 28 U.S.C. § 2253(c)(1)(A) (2007). The district court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). To make a "substantial showing," the petitioner must "demonstrat[e] that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable[.]'" *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir.2002) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner has not made a "substantial showing" as to the claim raised by his petition, and thus the Court *sua sponte* denies a certificate of appealability.

## CONCLUSION

In sum, Petitioner has not established that the appellate court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented in the state courts. The Court hereby: (1) adopts the Report in full; (2) grants the motion for leave to assert procedural defaults in the Answer; (3)

rejects Petitioner's objections; (4) denies the Petition for Writ of Habeas Corpus; and (5) denies a certificate of appealability.

     IT IS SO ORDERED.

Dated:  June 23, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge